UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE RUBEN HOLMES, JR.,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>JASON T. GROSS,<br><br>　　　　　　　　　　Respondent. | Case No.: 24-CV-492 JLS (BLM)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE AS FRIVOLOUS**<br><br>(ECF No. 1) |

　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, but has failed to pay the $5.00 filing fee or submit a request to proceed *in forma pauperis*. ECF No. 1.  Accordingly, the Court **DISMISSES** this action.  *See* Rule 3(a), 28 U.S.C. foll. § 2254; 28 U.S.C. § 1914(a); *id.* § 1915.

　　　In addition, the Petition is incomprehensible.  *See* ECF No. 1 at 2–7.  A pleading is "factually frivolous" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."); *Mayle v. Felix*, 545 U.S. 644, 649

(2005) (noting that "Rule 8 . . . requires only 'a short and plain statement,'" while "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement." (quoting Fed. R. Civ. P. 8(a)(2)); *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (explaining that vague, conclusory, or palpably incredible allegations unsupported by specific facts may be subject to summary dismissal).

Based on the incomprehensible nature of Plaintiff's pleading, the Court finds that his claims "rise to the level of the irrational or the wholly incredible," *Denton*, 504 U.S. at 33, and as such, his Petition must be **DISMISSED WITHOUT LEAVE TO AMEND** as frivolous.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

**IT IS SO ORDERED.**

Dated:  March 15, 2024

Hon. Janis L. Sammartino
United States District Judge